The next case on the docket is um Rednour. Rednour. In re Marriage of Rednour, 516-0205. Oh, I see it. Okay, Mr. Penlon and Mr. Reed. Whenever you're ready, gentlemen. Okay, so you saved the best case for last. Thank you for your support. Um, this is a procedural case. Um, and there's not really a whole lot of procedure. We're asking the courts for a simple, straightforward application of a statute. That's 2401, which is sometimes referred to as the Relief from Void Judgment Rule. In this case, there was a void judgment. Was it void or voidable? Very good question. You know, the simple procedure that you probably started this brief with is not so simple anymore. Okay, don't you say that it was void ab initio? Yeah. Okay. Yes. So you didn't really need to proceed under 2-1401 at all? Well, she was facing a contempt charge. And she was staring at it in the face. And there was a judgment against her that affected her. Affected her right to credit. To a lot of things. No, what I'm saying is you could have just moved to vacate a void ab initio order. I could have, but I chose this rule because I think it's simple and straightforward. But you can't really, by styling it as such, you've tried to control then the outcome. Well, I mean, the rule doesn't limit me to just voidable orders or void orders. I mean, the rule doesn't differentiate. There's a void judgment. No, you're correct about that. But then you're trying to limit the outcome by saying that she could parse up part of the order. And that then nothing else could be done with respect to the rest of the order. Because it's not a continuation of the old case, but a new case that's brought under the old case. And you have then an order that is basically meaningless in the sense that obviously divorce, dissolution, property settlements are viewed as a whole. And if all of a sudden she's getting that 40% back, then that impacts the entire property settlement. So what I'm saying is, is that I think by doing the 1401, you've tried to engineer a way around a revestment. And I don't think there's anything that prohibits me from doing that, Judge. Well, it doesn't prohibit you from trying to do it. But the Costner case is pretty clear that you can't just try to fit it in that hole and say that it's not doing something that's inconsistent with not viewing the prior order as a final order. Well, where that case differentiates from a fair reading of the statute is that in our case, Mr. Renauer is saying, you know, was saying basically that the case was over. It was a final judgment. I'm executing on it. And I think that was his position. According to any jurisdiction, I can execute on this judgment. But he changed his position. Where the parties come before the court and say, hey, there's something left over. We're here to litigate something else. We're both here voluntarily before the court to resolve another issue, another matter that came up. This is not that case. This is a case where from day one, we said that the court lost jurisdiction. They had a final judgment. And, you know, how can we weigh... How can you do that as a final judgment when you've asked the court to vacate a part of it? Because that's how avoidable orders are avoidable. Both in both cases are attacked. I mean, that seal, how else can you do it? But in this instance, you're doing something inconsistent with the nature of the entire order. You can't just parse out part of it. You're doing it here. She's asking the court to, in essence, vacate the entire order. No, she's only asking the court to vacate a part of the order. And that's the point. She's only asking the court to vacate the part that... Actually, the trial court didn't have jurisdiction over. Mr. Redenauer went in after the judgment, the dissolution case. His estate belonged in the bankruptcy court with the bankruptcy trustee. So there wasn't jurisdiction there. I don't think that's even... These are not even... I believe we even contested issues. What they're claiming is that I... The court did not have the ability to say jurisdiction if you like to divide the realm. And that includes the entirety, though, not just... You can't just say that it didn't have jurisdiction to give him the 40%. It didn't have jurisdiction to consider a division, a marital division of the property.  So because of that, that you're attacking... She's attacking the total order. But there's always occasions where courts leave out property. They don't distribute certain things. Things are inadvertently omitted. But those are usually either temporary orders or usually in a final order, everything is resolved. Well, at least theoretically, it should be. It should be, but it's not always. And there's remedies for that. And Mr. Rednard probably has a remedy. Although we've contended all along that he should be judicially established. But what you're taking is only paragraphs 4, 5, and 6, I think, of the judgment dissolution. And you either have jurisdiction or you don't. If you don't have jurisdiction and you want to attack the order, then the entire order has to be reconsidered. Why is it that you can only pick what you want? Well, I think we cited the case law in that, that, you know, if, for example, you know, there are cases that say... Tell me a case that says you can only pick a part in a void... Because of lack of jurisdiction, I'm assuming. Yeah. Because of the bankruptcy proceeding, and I think you're probably right on that. If a trustee had been appointed at the time the marriage is going on, and the trustee had taken over control over whatever assets, then the trustee should have been notified and been in the proceeding. And there was a stay, right? Right. There's an automatic stay. Right, right. So there was no jurisdiction, right? Yes. But... So this very easy, simple issue that you talked about has now become very complex. Actually, I believe that Mr. Benauer claimed that this was the only... These were the only elements of the judgment that were issued. I think he was on with his life. He was on, you know, working in a different place. He was on, you know, I think he was in the process of being remarried. My client got remarried as a result of a divorce decree. So if you can't parse that out, you create all kinds of problems. Well, except if you do parse it out, this potentially would always, well, potentially would often create absurd results. What if the court had given him 100% of the settlement and given her everything else, thinking that it was an equitable division of property, and then the 100%, she wanted the 100% taken away. He would end up with no marital property, period. Don't you think that's an absurd result? Now, obviously he brought this whole thing on himself, but that's a concern and an issue for the bankruptcy court. But apparently that all got worked out. Well, he had a piece of the... Part of the judgment that the courts dropped was his division of his pension that he worked with the state. But what I'm saying is when the case law in that Cosner case talks about actions being inconsistent with the merits of the underlying judgment, the merits of the underlying judgment are that when a court makes a marital settlement or makes a division of marital property, it is a weighing and balancing, and you get this and you get that, and evaluating dollars and cents appropriation. So that's why you can't... That's why it's against the merits if you all of a sudden start carving parts of the marital settlement out, which then supports the cases for revestment. Now, Boyd's judgment is... What you're saying is there's a provision. Boyd happened to show provisions in a judgment that I cannot attack without reopening the entire... We're going to stop reading? Yeah. That's exactly what I'm saying. And that's not a fair reading of his statute. I think his statute shows trauma. You're talking about the fair reading of 2-1401, and I don't think by her choosing to do that, which she obviously didn't have to do, file a 2-1401. In fact, there's a case that addresses that. You can't just read... You just can't style a case in order to avoid a revestment. It either applies or it doesn't apply. And this certainly was a void. And you say it's a void, not avoidable. So she didn't have to attack it collaterally. She could have always just taken it straight on. And she says that she's asking to vacate that part of the judgment. Well, I would suggest that the statute trumps common law revestment doctrine. The statute should be read plain and simple. The way it's written, it says it's a new proceeding. It doesn't... Do you believe a new proceeding has to be brought, is the question. If you have a void ad venitio judgment, why do you have to bring a new proceeding, is the question. You don't. That's exactly what Justice Chapman is saying. You don't have to bring it. So why under 1401 do you get to control? Why should you bring a 1401 if you don't even have to? That's like saying you have two torts and you've got to choose one of the two. Well, it's very different, though. If you have a remedy under both. Well, if the judgment is void ad venitio under 1401, you're kind of picking and choosing a void judgment. What do you want out of the void judgment? Whereas if it's void ad venitio and the law requires that the entire thing be set aside, you don't get to pick, then it all has to be reconsidered in order for the court to gain jurisdiction. But a divorce is an interim proceeding on a marriage of people. Yes. And the property is separate. Right, which is why you can avoid, like, the remarriage. The bonds of dissolution can always be effectuated without affecting the realm of the property. Right. Or the realm of the marriage. So I'm not following. I mean, this is something that obviously Mr. Reddauer did not raise in his brief, nor was it raised in the court. I've never read a case that says we're limited in 21401. No, it's not that you're limited. You can bring a 2-1401, but you can't control the outcome of a revestment by filing a 2-1401. Well, if I can bring a 2-1401, I think I have a right to enforce. It says that when the judge makes a judgment on that petition that the case is over. I don't see how the statute can be read any differently. And I know that there's trouble. If you read Harship v. Osei-Bruni, they address that very question about, you know, the way you style the case doesn't control it. They talk about that the plaintiff's motion did not need to be a 2-1401. And just for the record, that's 682 NE 2nd 432. I'll read that. You said Horse v. Bruni? Harship v. Osei-Bruni. Yes. I wish because it doesn't even sound like a Horse case, but I'll read it. And if the court would like me to address that on an additional brief, I would be glad to do so. No, no, no. It was part of the briefs. It was a case that was cited by a police, so there's no need for that. Okay. Mr. Reed. Thank you, Your Honor. May it please the Court, my name is Ben Reed. I represent Petitioner-at-the-Lee, Dave Rednauer, in this matter. Much of what I was going to touch upon, Your Honors, I've already touched upon with my esteemed colleague, so I'll briefly go through what I was originally going to argue, and I have two arguments. The first is what we had just discussed with the trial court properly revesting itself of jurisdiction. The second argument that I will briefly touch upon is that this court, the appellate court, doesn't have jurisdiction inside this court. Well, we don't have jurisdiction to do anything other than turn it back to the trial court to proceed with a final order. Well, our argument, Judge, is that when you revest a court with jurisdiction, as the trial court did in this situation, that that is an interlocutory order, and if you're going to appeal that, you need to follow the interlocutory rules in it. If you didn't follow all under the rules, or I should say the specific orders included in Rule 307, you needed to ask special permission to appeal under interlocutory Rule 308, which wasn't done in this case. The reply brief, which was filed, decided in this case that people would be bailing. And the reason why that's different from this situation was that was a case where the trial, it was a criminal case where the trial court ruled it wasn't revested with jurisdiction because the prosecution in that case hadn't actively participated in subsequent litigation. This is not the same as our case where the court did revest itself because there's other issues now that the court has to deal with at the trial level, which they didn't have to deal with. People would be bailing. It was the final ruling in that case, so obviously it was treated a little bit differently at the appellate level. Okay? In terms of the revestment, we talked, we got into it actively participating without objection in proceedings which are inconsistent with the merits of the prior judgment. Those are the rules, the three guidelines for revestment being applicable. And just as it was touched upon earlier, we don't get to decide what motions, that is to say, the court chooses to apply, whether it's 214.01 or whether, in this case, it wasn't just one motion filed under Rule 1401 and the court heard that motion and that was the end of it.  Mr. Redenauer's attorney filed a motion for the approval of the Paragraphs of Marital Settlement Agreement along with a motion to vacate because, as the court has already noted, this was a void order. And the parties agreed, and I think it's very, very important to take note of Judge Brown's order. He notes that the parties agreed to enter into this order to void, excuse me, to vacate certain sections of the judgment of dissolution of marriage and that that was inconsistent with the prior rulings of the court. There were no objections filed. Sierra is arguing on appeal that because she filed a Section 214.01, that they're now saying Section 214.01, that that is the end of it, that this is a new action altogether and it doesn't have anything to do with the original action. And just as the court pointed out, it's an absurd result where you're going to say that a court, If we follow that line of thinking, the court loses jurisdiction right now. The court cannot go back and readdress property if there is a way for the court to do that. I don't know how it would do it because they no longer have jurisdiction over the property if that is the end of the action. So in this case, as you said, we have a 40% lawsuit to deal with. It could have just as easily been a situation with a long-term marriage and a pension. And if we follow that line of reasoning, we can no longer divide the pension and give people equitable portions of the pension. Adamson and Cosner falls, I believe, squarely on point. And I think that Your Honor mentioned that earlier. And that was a situation where the parties entered into an agreement to modify the judgment of dissolution of marriage. Afterwards, the ex-husband attacked that and he said that it was void because the court lost jurisdiction and because he had a bankruptcy proceeding. The trial court disagreed and they said that they were re-vested. That the agreement of the parties was enough to re-vest the court with jurisdiction because they're behaving in a manner inconsistent with the prior judgment. Nobody had objected. It followed all the rules. It fell squarely on point. So the court was re-vested and the adult court affirmed that. And I think that earlier you mentioned the hardship versus os bruning. And that also falls squarely on point in that we don't get to decide what procedure the court chooses to apply. If you read what they say, a section 2-1401 proceeding is a new action separated apart from the proceeding. Whereas a re-vestment occurs because the litigants themselves re-vest the circuit court with jurisdiction. It's a continuation of the original action in which the final judgment was avoided by the litigants through their own actions. Clearly, in this case, that's exactly what happened. It was avoided by the litigants through their own actions when they filed their pleadings and when they entered into an agreement to avoid certain sections of the judgment. Now, if we follow the same line of reasoning that we're asking this to, the court will have no remedy to divide up what has not been divided up as a property. There's no resolution for it. What we're asking the court to do is to affirm the trial court's ruling and agree that they have re-vested themselves with jurisdiction so that they can enter in the original burial settlement agreement now that the bankruptcy court has— Don't we have to have jurisdiction to do that? We do, but we now do have jurisdiction. I guess that was my point earlier on. The bankruptcy court has now given leave. I believe that that was included in the motion for entry of the burial settlement agreement, which was filed back when Mr. Reddenauer's attorney filed to vacate the portions of the judgment which the court didn't have jurisdiction over. But your original argument is that we don't have jurisdiction. I do argue that the trial court— So how do you want us to affirm the trial court's law? I want you to either agree with me that you don't have jurisdiction, or if you disagree and you decide that you do have a California jurisdiction, then I would like you to affirm the trial court's ruling. Okay. Sorry, I should have articulated that a little more clearly. The win-win is what you're saying. Hey, absolutely. One or the other. If there are no further questions, that is all I have. Thank you. Thank you. Mr. Penland, what say you on this interlocutory appeal issue? Judge, all we're asking you to do is to strike the lawyer. The court has not handcuffed your lawyer. You're permitted to review the court's jurisdiction, whether or not the court has erred in saying the case should go on, that they continue the jurisdiction after he ruled that the portions of the judgment were void. Do you think this is an interlocutory appeal then, or do you think there's a final judgment? There can't be a final judgment. There's no final judgment, Judge. I think this is a 1401 appeal, and the court has a right to declare that the trial court did not have jurisdiction under that statute to go forward. It's been a while. I know I've read every case in the appellate side, and it seems to me in all my readings that there were cases where the parties agreed, that they agreed that something should be set aside, that a portion of a judgment should be removed or stricken or whatever. This did not start out that way. This started out with Mr. Redenauer trying to enforce the judgment, and Mrs. Redenauer trying to quash the parts of the judgment. So this is distinguishable easily in every regard. In addition, Mr. Redenauer did not really come around until these were briefed and it was shown that on two occasions he committed perjury. And at that point, and after he had changed lawyers, at that point he wasn't willing to fight the issue and conceded the issue. But it was after some litigation, it was not up front, and I guess we're asking the court not to write in a limitation to the 214-01 statute that's not in there. And that I have to, or any litigant has to apply it only to void orders. So all we're requesting is that the court set aside, the trial court's order, that we revest the jurisdiction for the remainder of the issue. Thank you. Thank you. Okay, this matter will be taken under advisement. We'll issue a disposition in due course. Thank you, gentlemen.